IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALBERT MASCORRO FLORES, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 1:23-cv-54 |
| AMAZING GRACE PRIMARY HOME CARE, LLC, et al., | § § § | |
| Defendants. | § | |

**PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT AS TO THE FLSA CLAIMS AGAINST DEFENDANTS AMAZING GRACE PRIMARY HOME CARE, LLC, JAVIER CAVAZOS, AND MARIA CARMEN CAVAZOS**

Plaintiffs file this Unopposed Motion for Entry of Final Judgment as to the FLSA Claims Against Amazing Grace Primary Home Care, LLC, Javier Cavazos, and Maria Carmen Cavazos under Rule 54(b) and would respectfully show the Court the following:

On February 23, 2024, this Court dismissed Plaintiffs' claims against Amazing Grace Primary Home Care, LLC, Javier Cavazos, and Maria Carmen Cavazos [Doc. 40]. The claims that remain pending are those against Maria Luisa Macias, who has never appeared in the case, and various state law claims against Amazing Grace Primary Home Care, LLC, Javier Cavazos, and Maria Carmen Cavazos. Should the Court agree that entry on the dismissed FLSA claims is proper, Plaintiffs additionally seek a stay of the other pending claims while the Fifth Circuit considers an appeal of the dismissed FLSA claims.

### *Rule 54(b) Motions for Entry of Final Judgment*

Generally, an order dismissing some—but not all—claims or parties is not appealable as a final judgment.[1] Rule 54(b) allows a district court to enter a final judgment as to "one or more but fewer than all of the claims or parties" if the Court "expressly determines that there is no just reason for delay."[2] A party seeking a judgment under Rule 54 may do so at any time before a final judgment is entered.[3]

The process by which a Court determines if an entry of final judgment is proper has long been established.[4] First, the Court must find that the judgment being sought is in fact "final."[5] In other words, "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple-claims action."[6]

If the judgment in question is indeed "final," the Court must then decide if there is any just reason for delaying the entry of judgment.[7] In doing so, the Court should weigh "judicial administrative interests as well as the equities involved."[8] This determination includes considering "whether the claims under review are separable from the others remaining to be adjudicated, and whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[9] The Court should

---

[1] Rule 54(b); *Williams v. Taylor Seidenbach, Inc.*, 958 F.3d 341, 343 (5th Cir. 2020).
[2] Rule 54(b).
[3] *Id.*
[4] *Curtis–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980).
[5] *Id.* at 7.
[6] *Id.* (internal quotations omitted).
[7] *Id.* at 8.
[8] *Id.*
[9] *H & W Industries, Inc. v. Formosa Plastics Corp.*, 860 F.2d 172, 175 (5th Cir. 1988) (citing *Curtis–Wright*).

also consider "miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."[10]

### *Factors Favor Entry of Judgment*

As a threshold matter, the order of dismissal is clearly a final judgment, as it is a "decision upon a cognizable claim for relief," and an ultimate disposition of specific individual claims entered in the course of a multiple-claims action. Examining the factors described above will show there is no just reason for delay in entering an appealable final judgment on Plaintiffs' FLSA claims against Amazing Grace and Javier and Maria Cavazos.

Most importantly, practical considerations weigh heavily in favor of obtaining a ruling from the Fifth Circuit on the FLSA claims before moving forward with the rest of the case. Candidly, the FLSA claims are the most important and most potentially valuable claims that have been asserted. The Texas Minimum Wage Act, for example, does not require overtime pay, which constitutes the bulk of the alleged damages in this case.[11] At the risk of oversimplification, the prosecution of Plaintiffs' claims based on the common law would require a broader and less well-defined investigation into whether Amazing Grace's treatment of Plaintiffs was reasonable. Bifurcating the litigation by postponing an appeal of the FLSA claims would potentially require subjecting multiple parties and witnesses to repeat depositions, for the purpose of conducting discovery into the specific question of unpaid overtime, should the Fifth Circuit reverse the dismissal of the FLSA claims. Indeed, should the state law claims proceed to trial, an entire second trial could conceivably be required. This would cause substantial and unnecessary additional burden, both in time and cost, on all involved parties and some non-party witnesses.

---

[10] *Abecassis v. Wyatt*, 2010 U.S. Dist. LEXIS 76481 at *12–13 (S.D. Tex. June 30, 2010).
[11] *See* TEX. LAB. CODE § 62.

Indeed, without the FLSA claims, the Court's subject matter jurisdiction over the state law claims is tenuous at best, relying only on the FLSA claim against Defendant Macias, who has never appeared. Based on its previous Order, it seems likely that the Court would set aside any default judgment against Ms. Macias based on the FLSA claim. Thus, if the state law claims are not stayed pending an appeal, it is quite possible that Plaintiffs would have to pursue these separately in state court while the FLSA appeal is pending. Again, that would cause substantial additional burden on all involved.

As the above discussion makes clear, the FLSA claims against these Defendants are fundamentally separable from the state law claims (breach of contract, quantum meruit, unjust enrichment, and violations of the Texas Minimum Wage Act) because they are based on the specific provisions of a federal statute, as opposed to a Texas statute and Texas common law. Specifically, the issues in a potential appeal of the FLSA claims' dismissal involve a single legal question that is unique to the FLSA: whether Amazing Grace is a covered entity under the particular provisions of that statute.[12] As such, this has no overlap with any element of the state law claims, so "no appellate court would have to decide the same issues more than once even if there were subsequent appeals."

Moreover, any possible overlap in the litigation of the various claims is completely alleviated by staying the case while the appeal is pending. While that may delay the ultimate resolution of the separate state law claims, the overall resolution of the entire case would be significantly *more* delayed if Plaintiffs were unable to even begin the appeal of the FLSA claims until the remainder of the case was completed. Plaintiffs are agreeable to this arrangement, and

---

[12] *See* Doc. 40 at 1–2, 4–7. Plaintiffs also intend to appeal the denial of their Motion for Leave to file a second amended complaint, but that is a procedural question that has no overlap with the legal issues involved in the state law claims.

Defendants have indicated that they are not opposed to an immediate appeal of the FLSA claims while the rest of the case is stayed.

### *Relief Requested*

For the reasons stated above, Plaintiffs seek the following relief:

a) Entry of final judgment regarding the FLSA claims against Amazing Grace and Javier and Maria Cavazos; and

b) That the remainder of the case be stayed, pending appeal of those claims.

Defendants Amazing Grace and Javier and Maria Cavazos are **unopposed** to this requested relief.

Respectfully submitted,

*/s/ Mauro F. Ruiz*
Mauro F. Ruiz
State Bar No. 24007960
Federal ID. 23774
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone: (956) 259-8200
Telecopier: (956) 259-8203
eFile ONLY: admin@mruizlaw.com
mruiz@mruizlaw.com
**Attorney-in-Charge for Plaintiffs**

OF COUNSEL:
**RUIZ LAW FIRM, P.L.L.C.**
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone: (956) 259-8200
Telecopier: (956) 259-8203

### **CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for all Defendants, and they are not opposed to the relief sought in this Motion.

*/s/ Mauro F. Ruiz*
Mauro F. Ruiz

## **CERTIFICATE OF SERVICE**

I certify that this document was served on all counsel of record on **May 23, 2024**May 23, 2024May 23, 2024, via the Court's ECF system.

*/s/ Mauro F. Ruiz*
Mauro F. Ruiz